ANTHONY A. FRIEDMAN (SBN 201955)
aaf@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-124
Facsimile: (310) 229-1244

(Proposed) Attorneys for Alfred H. Siegel, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| **In re** | **Case No.: 2:11-bk-62283-RN** |
| **GENIUS PRODUCTS, LLC,** | **Chapter 7** |
| **Debtor.** | **MOTION OF ALFRED H. SIEGEL, CHAPTER 7 TRUSTEE FOR ORDER:** |
| | **(1) AUTHORIZING SALE OF ESTATE'S RIGHT, TITLE, AND INTEREST IN PERSONAL PROPERTY;** |
| | **(2) APPROVING OVERBID PROCEDURE; AND** |
| | **(3) AUTHORIZING PAYMENT OF BREAKUP FEE** |
| | **MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION IN SUPPORT THEREOF** |
| | Date: April 3, 2013<br>Time: 9:00 a.m.<br>Place: Courtroom 1645<br>  Roybal Federal Building<br>  255 E. Temple Street<br>  Los Angeles, California |

**TO THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPTCY JUDGE**:

Alfred H. Siegel, not individually and solely in his capacity as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Genius Products, LLC (the "Debtor"), respectfully moves this Court, pursuant to 11 U.S.C. §§ 363(b) and (m), and Rule 6004(a) of the Federal Rules of Bankruptcy Procedure, for an order (1) authorizing the Trustee to sell the estate's right, title, and interest in all of the Debtor's assets (collectively, the "Assets"); (2) approving the overbid procedure set forth in this motion; and (3) authorizing the payment of a breakup fee to the proposed purchaser in the event it is not the successful purchaser of the Assets (the "Motion").

The Trustee received an offer to purchase the Assets from LD Entertainment (the "Purchaser") for $20,000.00 (the "Purchase Price"). This Motion is brought to authorize the sale of the Assets to the Purchaser.

Furthermore, the Trustee moves the Court for an order approving the following overbid procedures: (1) any person interested in submitting an overbid on the Assets must attend the hearing on the Motion or be represented by an individual with authority to participate in the overbid process; (2) an overbid will be defined as an initial overbid of $25,000.00, with each additional bid in $1,000.00 increments; (3) overbidders (except for the Purchaser) must deliver a deposit to the Trustee's counsel by way of cashier's check made payable to "Alfred H. Siegel, Chapter 7 Trustee," in the amount of $2,500.00 (i.e., 10% of the initial overbid purchase price) (the "Deposit") no later than 12:00 p.m. on April 1, 2013; (4) overbidders must purchase the Assets on the same terms and conditions as the Purchaser; (5) the Deposit of the successful overbidder shall be forfeited if such party is thereafter unable to complete the purchase of the Assets within 15 days of entry of the order confirming the sale; and (6) in the event the successful overbidder cannot timely complete the purchase of the Assets, the Trustee shall be authorized to proceed with the sale to the next highest overbidder.

Additionally, the Trustee also moves the Court for an order authorizing payment of a five percent (5%) breakup fee to the Purchaser in the event that it is not the successful purchaser of the Assets.

In support of this Motion, the Trustee will rely on these moving papers, the Memorandum of Points and Authorities and Declaration of Alfred H. Siegel attached hereto, the other pleadings and orders already on file in this case, and on such other argument and evidence as may be presented by counsel at the time of the hearing.

Accordingly, the Trustee respectfully requests that this Court enter an order:

1.  Approving the above sale of the Assets to the Purchaser or the successful overbidder;

2.  Providing that the Trustee is authorized and empowered to execute and deliver on behalf of the estate any and all documents as reasonably may be necessary to implement the terms of the proposed sale;

3.  Providing that the notice given by the Trustee in connection with the sale and the hearing thereon is adequate, sufficient, proper and complies with all applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure;

4.  Approving the overbid procedure described herein;

5.  Authorizing payment of a five percent (5%) breakup fee to the Purchaser in the event it is not the successful purchaser of the Assets;

6.  Waiving the 14-day stay prescribed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure; and

7.  Granting such other and further relief as is just and appropriate.

DATED: March 13, 2013

LEVENE, NEALE, BENDER,
YOO & BRILL L.L.P.

By:  /s/ Anthony A. Friedman
ANTHONY A. FRIEDMAN
(Proposed) Attorneys for Alfred H. Siegel,
Chapter 7 Trustee for the estate of
Genius Products, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS AND OVERBID PROCEDURES

### A. Case Background

This case was commenced by the filing of an involuntary petition for relief under Chapter 7 of Title 11 of the United States Code on December 27, 2011 against Genius Products, LLC (the "Debtor"). On May 4, 2012, the Court entered that certain Order for Relief on Involuntary Bankruptcy Petition (the "Order for Relief"). Thereafter, Alfred H. Siegel appointed as Chapter 7 Trustee for the Debtor's bankruptcy estate (the "Trustee"), a capacity in which he continues to serve.

Despite the entry of the Order for Relief, to date, neither the Debtor nor any representative of the Debtor has appeared at a meeting of creditors or filed any schedules on behalf of the Debtor. Since his appointment, however, the Trustee has been in contact with certain of the petitioning creditors regarding the circumstances bringing about the involuntary petition, and to understand petitioning creditors' business relationship with the Debtor. Further, the Trustee has learned that the Debtor was an entertainment company which distributed movies, through stores such as Target and Wal-Mart, for such companies including Entertainment Rights, Classic Media, Sesame Workshop (from 2007 to 2009), Random House, ESPN, Discovery Communications, ImaginAsian, World Wrestling Entertainment, IFC Films and PorchLight Entertainment.

While proceeding with his administration of the estate, the Trustee received a purchase offer for all rights, title, and interest in all assets of the Debtor (the "Assets").

### B. The Proposed Sale

Subject to Court approval, the Trustee proposes to sell the Assets, pursuant to the terms of the purchase offer received from LD Entertainment. The essential terms of the proposed sale are as follows:

- Purchaser: LD Entertainment ("Purchaser");

- Purchase Price: $20,000.00 ("Purchase Price");

3

·   <u>Condition of Assets</u>: Assets purchased "as-is" without any representations or warranties of any kind, and subject to all liens, claims, and encumbrances; and

·   <u>Breakup Fee</u>: Five percent (5%).

### C.     **The Proposed Overbid Procedures**

While the Trustee is prepared to consummate the sale with the Purchaser, he is also interested in obtaining the maximum price for the Assets. Therefore, the Trustee seeks approval of the following overbid procedures: (1) any person interested in submitting an overbid on the Assets must attend the hearing on the Motion or be represented by an individual with authority to participate in the overbid process; (2) an overbid will be defined as an initial overbid of $25,000.00, with each additional bid in $1,000.00 increments; (3) overbidders (except for the Purchaser) must deliver a deposit to the Trustee's counsel by way of cashier's check made payable to "Alfred H. Siegel, Chapter 7 Trustee," in the amount of $2,500.00 (<u>i.e.</u>, 10% of the initial overbid purchase price) (the "Deposit") no later than 12:00 p.m. on April 1, 2013; (4) overbidders must purchase the Assets on the same terms and conditions as the Purchaser; (5) the Deposit of the successful overbidder shall be forfeited if such party is thereafter unable to complete the purchase of the Assets within 15 days of entry of the order confirming the sale; and (6) in the event the successful overbidder cannot timely complete the purchase of the Assets, the Trustee shall be authorized to proceed with the sale to the next highest overbidder.

The Trustee believes that the proposed overbid procedure, notice of which has been given to all creditors and interested parties, will maximize the price ultimately obtained for the Assets as well as protect the estate from parties who may wish to participate in the overbid procedure, but who are ultimately unable to consummate the sale transaction. Accordingly, the Trustee requests that the Court authorize the overbid procedure discussed above.

/ / /

/ / /

/ / /

4

### D. Breakup Fee

The purchase offer includes a request for payment of a five percent (5%) breakup fee to the Purchaser in the event it is not the successful purchaser of the Assets.

### E. Notice To Creditors

Notice of this Motion has been transmitted to all creditors in accordance with Rules 2002(a)(2) and 6004(a) of the Federal Rules of Bankruptcy Procedure, and is being filed concurrently herewith.

## II.

## ARGUMENT

### A. The Proposed Sale Is In The Best Interest Of The Estate

Section 363(b)(1) of the Bankruptcy Code provides that:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

11 U.S.C. § 363(b)(1). The standard of review used in determining approval of a proposed sale of property is whether sound business reasons support the sale outside the ordinary course of business. In re Walter, 83 B.R. 14, 19 (9th Cir. BAP 1988); In re Lionel Corp., 722 F.2d 1063, 1066 (2d Cir. 1983). In order for a sale to be approved under section 363 of the Bankruptcy Code, the purchase price must be fair and reasonable. In re Coastal Indus., Inc., 63 B.R. 361 (Bankr. N.D. Ohio 1986).

In the present case, the Trustee believes that the sale of the Assets under the terms and conditions set forth above is supported by sound business reasons and is in the best interest of the estate. Given the present posture of this case, there are no assets that the Trustee can readily identify. Nevertheless, the Purchaser has offered the certain sum of $20,000 for the estate's right, title, and interest in the Assets, "as-is," without any representations or warranties of any kind, and subject to all liens, claims, and encumbrances. Taking into consideration the fact that further, potentially costly, investigation would not yield any additional information about the Debtor's assets, which may be subject to liens in any event, the Trustee accepted the

purchase offer as it yields the estate a certain sum of funds. Thus, the proposed sale represents a sound exercise of the Trustee's business judgment.

### B. The Proposed Breakup Fee Is Reasonable Under the Circumstances

In general, "[a] 'breakup fee' is an incentive payment to an unsuccessful bidder who placed the estate property in a sales configuration mode ... to attract other bidders to the auction." In re Financial News Network, Inc., 126 B.R. 152, 154 n. 5 (Bankr. S.D.N.Y. 1991). See also In re Integrated Resources, Inc., 147 B.R. 650, 653 (S.D.N.Y. 1992), appeal dismissed on jurisdictional grounds, 3 F.3d 49 (2d Cir. 1993) ("[a] breakup fee, or more appropriately, a termination fee, is an incentive payment to a prospective purchaser with which a company fails to consummate a transaction"). Agreements to provide breakup fees are designed to compensate the potential acquirer who serves as a catalyst which attracts more favorable offers. In re S.N.A. Nut Co., 186 B.R. 98, 101 (Bankr. N.D. Ill. 1995); In re 995 Fifth Ave. Assoc., L.P., 96 B.R. 24, 28 (Bankr. S.D.N.Y. 1989).

Outside of bankruptcy, a breakup fee is generally allowed as long as it "enhances" the bidding. S.N.A. Nut Co., 186 B.R. at 102. In the bankruptcy context, a breakup fee is generally permissible "if reasonably related to the bidder's efforts and the transaction's magnitude." Cottle v. Storer Communication Inc., 849 F.2d 570, 578 (11th Cir. 1988); 995 Fifth Ave., 96 B.R. at 28. Generally speaking, whether the payment of a breakup fee is appropriate is evaluated under the "business judgment rule." S.N.A. Nut Co., 186 B.R. at 102. Under this rule, there is a presumption that, in making a business decision, the principals of the trustee acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interest of the estate. Therefore, procedures utilized by a trustee with respect to a proposed sale should be approved when the Court determines that such procedures are fair and do not violate any of the trustee's fiduciary duties.

Here, the five percent (5%) breakup fee is not (i) the product of self-dealing by the Purchaser or the Trustee, (ii) likely to hamper or chill, rather than encourage, bidding on the assets to be sold, or (iii) unreasonably large in relation to the proposed purchase price, circumstances under which courts have approved breakup fees. See Integrated Resources, 147

B.R. at 657. Moreover, the Purchaser has agreed to purchase the Assets subject to any and all liens, encumbrances and interests when no other party has come forward to purchase the Assets.

Accordingly, the proposed breakup fee is reasonable, appropriate, and satisfies the business judgment rule.

## III.

## **CONCLUSION**

In light of the foregoing, the Trustee respectfully requests that the Court enter an order as follows:

1. Approving the above sale of the Assets to the Purchaser or the successful overbidder;

2. Providing that the Trustee is authorized and empowered to execute and deliver on behalf of the estate any and all documents as reasonably may be necessary to implement the terms of the proposed sale;

3. Providing that the notice given by the Trustee in connection with the sale and the hearing thereon is adequate, sufficient, proper and complies with all applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure;

4. Approving the overbid procedure described herein;

5. Authorizing payment of a five percent (5%) breakup fee to the Purchaser in the event it is not the successful purchaser of the Assets;

6. Waiving the 14-day stay prescribed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure; and

7. Granting such other and further relief as is just and appropriate.

DATED: March 13, 2013        LEVENE, NEALE, BENDER,
                             YOO & BRILL L.L.P.


                             By:  /s/ Anthony A. Friedman
                                  ANTHONY A. FRIEDMAN
                             (Proposed) Attorneys for Alfred H. Siegel,
                             Chapter 7 Trustee for the estate of
                             Genius Products, LLC

7

## DECLARATION OF ALFRED H. SIEGEL

I, Alfred H. Siegel, declare as follows:

1. I am the duly-appointed, qualified, and acting Chapter 7 Trustee for the bankruptcy estate of Genius Products, LLC (the "Debtor"). I make this declaration in support of the attached Chapter 7 Trustee's Motion for Order: (1) Authorizing Sale of Estate's Right, Title, and Interest in Personal Property; (2) Approving Overbid Procedure; and (3) Authorizing Payment of Breakup Fee (the "Motion"). Each of the following facts is of my own knowledge, and if called upon and sworn as a witness, I could and would competently testify thereto. Unless the context indicates otherwise, capitalized terms shall have the same meaning as defined in the Motion.

2. This case was commenced by the filing of an involuntary petition for relief under Chapter 7 of Title 11 of the United States Code on December 27, 2011 against Genius Products, LLC (the "Debtor"). On May 4, 2012, the Court entered that certain Order for Relief on Involuntary Bankruptcy Petition (the "Order for Relief"). Thereafter, I was appointed as Chapter 7 Trustee for the Debtor's bankruptcy estate.

3. Despite the entry of the Order for Relief, to date, neither the Debtor nor any representative of the Debtor has appeared at a meeting of creditors or filed any schedules on behalf of the Debtor. Since my appointment, however, I have been in contact with certain of the petitioning creditors regarding the circumstances bringing about the involuntary petition, and to understand petitioning creditors' business relationship with the Debtor. Further, I have learned that the Debtor was an entertainment company which distributed movies, through stores such as Target and Wal-Mart, for such companies including Entertainment Rights, Classic Media, Sesame Workshop (from 2007 to 2009), Random House, ESPN, Discovery Communications, ImaginAsian, World Wrestling Entertainment, IFC Films and PorchLight Entertainment.

4. I propose to sell the estate's right, title, and interest in the Assets to the Purchaser for $20,000.00, "as-is," without any representations or warranties of any kind, and subject to all liens, claims, and encumbrances.

///

5. I believe that the overbid procedure proposed in the Motion, notice of which has been given to all creditors and interested parties, will maximize the price ultimately obtained for the Assets as well as protect the estate from parties who may wish to participate in the overbid procedure, but who are ultimately unable to consummate the sale transaction.

6. I also believe that the breakup fee proposed in the Motion, notice of which has been given to all creditors and interested parties is reasonable, appropriate, and satisfies the business judgment rule. The five percent (5%) breakup fee is not (i) the product of self-dealing by the Purchaser or myself, (ii) likely to hamper or chill, rather than encourage, bidding on the assets to be sold, or (iii) unreasonably large in relation to the proposed purchase price.

7. As detailed in the Motion, given the present posture of this case, there are no assets that I can readily identify. Further, potentially costly, investigation would not yield any additional information about the Debtor's assets, which may be subject to liens in any event. Hence, I accepted the purchase offer as it yields the estate a certain sum of funds. Accordingly, I believe the proposed sale of the Assets is in the best interest of the estate.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on March 13, 2013, at Los Angeles, California.

          /s/ Alfred H. Siegel (with permission)
ALFRED H. SIEGEL
Not individually and solely in his
Capacity as Chapter 7 Trustee

9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90017.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION OF ALFRED H. SIEGEL, CHAPTER 7 TRUSTEE FOR ORDER: (1) AUTHORIZING SALE OF ESTATE'S RIGHT, TITLE, AND INTEREST IN PERSONAL PROPERTY; (2) APPROVING OVERBID PROCEDURE; AND (3) AUTHORIZING PAYMENT OF BREAKUP FEE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION IN SUPPORT THEREOF;** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *March 13, 2013*, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

> Brett Bissett on behalf of Interested Party Request for Courtesy Notice of Electronic Filing (NEF)
> brett.bissett@klgates.com, carolyn.orphey@klgates.com;klgatesbankruptcy@klgates.com
>
> Timothy Bortz on behalf of Creditor Timothy Bortz
> ra-li-ucts-bankrupt@pa.gov
>
> Michael B Lubic on behalf of Interested Party Request for Courtesy Notice of Electronic Filing (NEF)
> michael.lubic@klgates.com, jonathan.randolph@klgates.com
>
> Alfred H Siegel (TR)
> al.siegel@crowehorwath.com,
> asiegel@ecf.epiqsystems.com;margo.tzeng@crowehorwath.com;lisa.irving@crowehorwath.com
>
> Nicola G Suglia on behalf of Creditor Canon Financial Services, Inc. c/o Nicola G. Suglia, Esq.
> nsuglia@fleischerlaw.com
>
> Wayne R Terry on behalf of Interested Party Request for Courtesy Notice of Electronic Filing (NEF)
> wterry@hemar-rousso.com
>
> United States Trustee (LA)
> ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On *March 13, 2013*, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing persons and the judge here constitutes a declaration that mailing to those persons and judge will be completed no later than 24 hours after the document is filed.

**VIA U.S MAIL**

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *March 13, 2013*, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA ATTORNEY SERVICE**
The Hon. Richard Neiter
255 E. Temple Street, Suite 1652 / Courtroom 1645
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 13, 2013 | Marla L. Fuentes | /s/ Marla L. Fuentes |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

BK Case No. 2:11-bk-62283-RN

VIA U.S. MAIL OR
NEF IF MARKED *

RSN
Timothy A. Bortz*
PA Department of Labor and Industry
625 Cherry St. Rm 203
Reading, PA 19602-1184

Debtor
Genius Products LLC
3301 Exposition Blvd Ste 100
Santa Monica, CA 90404
LOS ANGELES-CA

Petitioning Creditor
World Wrestling Entrtainment Inc
1241 E Main St
Stamford, CT 06902

Counsel to Petitioning Creditor   World Wrestling Entrtainment Inc. *
Brett Bissett & Michael J Heyman
K&L Gates LLP
10100 Santa Monica Blvd
Los Angeles, CA 90067

Petitioning Creditor
Thought Equity Motion Inc
1530 16th St 6th Fl
Denver, CO 80202

Counsel to Petitioning Creditor Thought Equity Motion Inc.
Chad T Rock
Kutak Rock LLP
1801 California St
Denver, CO 80202

Alfred H Siegel (TR) *
Siegel, Gottlieb, Mangel & Levine
15233 Ventura Blvd., 9th Floor
Sherman Oaks, CA 91403-2201

Petitioning Creditor
LD Entertainment
c/o Jay Shanker
McAfee & Taft
211 N Robinson
Oklahoma City, OK 73102

Counsel  to Petitioning Creditor LD Entertainment
McAfee & Taft
211 N Robinson
Oklahoma City, OK 73102

U.S. Trustee
United States Trustee (LA)
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017

Buyer
Rick Natichioni, Esq.
LD Entertainment
Director of Business & Legal Affairs
9000 Sunset Boulevard, Suite 600
West Hollywood, CA 90069