1  ANTHONY A. FRIEDMAN (SBN 201955)
2  aaf@lnbyb.com
   LINDSEY L. SMITH (SBN 265401)
3  lls@lnbyb.com
   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
4  10250 Constellation Blvd., Suite 1700
5  Los Angeles, California 90067
   Telephone:  (310) 229-1234
6  Facsimile:  (310) 229-1244

7  Attorneys for Alfred H. Siegel, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>GENIUS PRODUCTS, LLC,<br><br>                Debtor. | **CASE NO.:  2:11-bk-62283-RN**<br><br>**Chapter 7** |
| ALFRED H. SIEGEL, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF GENIUS PRODUCTS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>BANNON STRATEGIC PARTNERS,<br><br>        Defendant. | Adv. No. _____<br><br>**COMPLAINT TO:**<br><br>**(1)    AVOID AND RECOVER FRAUDULENT TRANSFERS;**<br><br>**(2)    AVOID AND RECOVER PREFERENTIAL TRANSFERS; AND**<br><br>**(3)    TO PRESERVE RECOVERED TRANSFERS FOR BENEFIT OF DEBTOR'S ESTATE**<br><br>**[11 U.S.C. § 544 and California Civil Code § 3439 et. seq. and 11 U.S.C. §§ , 547, 548 and 550]** |

**TO THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPTCY JUDGE:**

1

Plaintiff Alfred H. Siegel, not individually but solely in his capacity as Chapter 7 Trustee (the "Plaintiff" or "Trustee") for the bankruptcy estate of Genius Products, LLC (the "Debtor") alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 266, dated October 9, 1984. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O).

2. Venue is proper in this Court under 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

## PARTIES AND GENERAL ALLEGATIONS

3. This case was commenced by the filing of an involuntary petition for relief under Chapter 7 of Title 11 of the United States Code on December 27, 2011 (the "Petition Date") against Genius Products, LLC (the "Debtor").

4. Thereafter, on May 4, 2012, the Court entered that certain Order for Relief on Involuntary Bankruptcy Petition (the "Order for Relief"). Thereafter, Alfred H. Siegel appointed as Chapter 7 Trustee for the Debtor's bankruptcy estate, a capacity in which he continues to serve.

5. Trustee is informed and believes, and based thereon alleges that defendant Bannon Strategic Partners ("Defendant") is a business entity having offices in Beverly Hills, California, among other locations within California, and is subject to the jurisdiction of this Court. Trustee is informed and believes and based thereon alleges that the Defendant is an insider of the Debtor.

6. To date, the Debtor has not appeared for examination by the Plaintiff in accordance with 11 U.S.C. §341(a). In addition, the Debtor has not filed any schedules or statement of

financial affairs in its bankruptcy proceeding. Notwithstanding, as set forth in the involuntary petition, the Debtor maintains at least three creditors (World Wrestling Entertainment Inc., Thought Equity Motion, Inc. and LD Entertainment) existing as of the date the involuntary petition was filed and the date the Order for Relief was entered.

## GENERAL ALLEGATIONS

7. Trustee is informed and believes, and based thereon alleges that within the one year prior to the Petition Date, the Debtor transferred an interest of the Debtor to the Defendant, with said transfers set forth on **Exhibit "A"** (the "One Year Transfers"). Trustee is also informed and believes, and based thereon alleges that within the four (4) years prior to the Petition Date, the Debtor transferred an interest of the Debtor to the Defendant, with said transfers also set forth on **Exhibit "B"** (the "Four Year Transfers"). Collectively, the One Year Transfers and the Four Year Transfers will be referred to as the "Transfers".

8. Trustee reserves his right to supplement and amend the allegations contained in this Complaint, including, but not limited to, the right to (i) allege further information regarding all Claims for Relief, including additional transfers of interests in the Debtor's assets or additional liabilities incurred by the Debtor, (ii) make modifications and/or revisions to Defendant's name(s), (iii) allege claims against additional defendants, and/or (iv) allege additional causes of action arising in connection with the law and facts set forth herein (collectively, the "Amendments"), that may become known to Trustee at any time during this adversary proceeding through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

///
///
///
///
///

3

## FIRST CLAIM FOR RELIEF

**(Against Defendant To Avoid And Recover Fraudulent Transfers)**

**[Avoidance And Recovery Of Fraudulent Transfers Pursuant To**

**11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.04(a)(1) and 3439.07]**

9. The Trustee incorporates herein by this reference paragraphs 1 through 8, inclusive, of this Complaint as if set forth in full herein.

10. The Trustee is informed and believes, and based thereon alleges that, as of the Petition Date as specifically set forth in the involuntary petition, the Debtor maintained at least one general unsecured creditor having standing to bring these claims under state law.

11. The Trustee is further informed and believes, and based thereon alleges that, no contractual relationship existed between the Debtor and Defendant which would have otherwise caused the Debtor to transfer the Transfers to Defendant.

12. The Trustee is informed and believes, and based thereon alleges that, during the four years preceding the Petition Date, the Debtor transferred the Transfers for no or little consideration to the Debtor. Specifically, the Trustee is informed and believes, and based thereon alleges that Debtor's management engaged in mismanagement which caused the Debtor to cease operations. The Trustee is informed and believes, and based thereon alleges that, the Debtor's management transferred Debtor funds to other affiliated or related entities, including Defendant for personal benefits which are not yet known with the actual intent to hinder, delay and defraud Debtor's creditors.

13. The Trustee is informed and believes, and based thereon alleges that the Transfers to Defendant were made with the actual intent to hinder, delay and defraud Debtor's creditors.

14. The Transfers constitute fraudulent transfers under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq. and, therefore, are avoidable by the Trustee.

///

///

4

## SECOND CLAIM FOR RELIEF

**(Against Defendant To Avoid And Recover Fraudulent Transfers)**

**[Avoidance And Recovery Of Fraudulent Transfers Pursuant To**

**11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.04(a)(2) and 3439.07]**

15. The Trustee incorporates herein by this reference paragraphs 1 through 14, inclusive, of this Complaint as if set forth in full herein.

16. The Trustee is informed and believes, and based thereon alleges that, as of the Petition Date as specifically set forth in the involuntary petition, the Debtor maintained at least one general unsecured creditor having standing to bring these claims under state law.

17. The Trustee is further informed and believes, and based thereon alleges that, no contractual relationship existed between the Debtor and Defendant which would have otherwise caused the Debtor to transfer the Transfers to Defendant.

18. The Trustee is informed and believes, and based thereon alleges that the Debtor transferred the Transfers to Defendant without receiving a reasonably equivalent value in exchange for the property transferred. Specifically, the Trustee is informed and believes, and based thereon alleges that Debtor's management engaged in mismanagement which caused the Debtor to cease operations. The Trustee is informed and believes, and based thereon alleges that, the Debtor's management transferred Debtor funds to other affiliated or related entities, including Defendant for personal benefits and for their own personal use such that the Debtor received no benefit and ultimately the Debtor did not receive reasonably equivalent value in exchange for the Transfers.

19. The Trustee is informed and believes, and based thereon alleges that at the time the Debtor made the Transfers to Defendant, the Debtor was engaged or about to engage in a business or a transaction for which the Debtor's remaining assets were unreasonably small in relation to such business or transaction.

///

5

Case 2:11-bk-62283-BB    Doc 74    Filed 05/01/14    Entered 05/01/14 15:15:54    Desc
Main Document    Page 6 of 19

20. The Trustee is informed and believes, and based thereon alleges that at the time of the Transfers, the Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

21. The Transfers constitute fraudulent transfers under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq. and, therefore, are avoidable by the Trustee.

### THIRD CLAIM FOR RELIEF

**(Against Defendant To Avoid And Recover Fraudulent Transfers)**

**[Avoidance And Recovery Of Fraudulent Transfers Pursuant To**

**11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.05 and 3439.07]**

22. The Trustee incorporates herein by this reference paragraphs 1 through 21, inclusive, of this Complaint as if set forth in full herein.

23. The Trustee is informed and believes, and based thereon alleges that, as of the Petition Date as specifically set forth in the involuntary petition, the Debtor maintained at least one general unsecured creditor having standing to bring these claims under state law.

24. The Trustee is further informed and believes, and based thereon alleges that, no contractual relationship existed between the Debtor and Defendant which would have otherwise caused the Debtor to transfer the Transfers to Defendant.

25. The Trustee is informed and believes, and based thereon alleges that the Debtor transferred the Transfers to Defendant without receiving a reasonably equivalent value in exchange. Specifically, the Trustee is informed and believes, and based thereon alleges that Debtor's management engaged in mismanagement which caused the Debtor to cease operations. The Trustee is informed and believes, and based thereon alleges that, the Debtor's management transferred Debtor funds to other affiliated or related entities, including Defendant for personal benefits and for their own personal use such that the Debtor received no benefit from such use and ultimately did not receive reasonably equivalent value in exchange for the Transfers.

///

26. The Trustee is informed and believes, and based thereon alleges that the Debtor was insolvent at the time the Transfers was made or became insolvent as a result of the Four Year Transfers.

27. The Transfers constitutes fraudulent transfers under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq. and, therefore, are avoidable by the Trustee.

## FOURTH CLAIM FOR RELIEF

**(Against Defendant To Avoid And Recover Fraudulent Transfers)**

**[Avoidance And Recovery Of Fraudulent Transfers Pursuant To**

**11 U.S.C. §§ 548(a)(1)(A) and 550(a)]**

28. The Trustee incorporates herein by this reference paragraphs 1 through 27, inclusive, of this Complaint as if set forth in full herein.

29. The Trustee is informed and believes, and based thereon alleges that during the two (2) year period preceding the Petition Date, the Debtor transferred the Transfers to or for the benefit of Defendant.

30. The Trustee is further informed and believes, and based thereon alleges that, no contractual relationship existed between the Debtor and Defendant which would have otherwise caused the Debtor to transfer the Transfers to Defendant.

31. The Trustee is informed and believes, and based thereon alleges that the Debtor transferred the Transfers to the Defendant for no or little consideration.

32. The Transfers were made by the Debtor to Defendant with the actual intent to hinder, delay or defraud the Debtor's creditors.

33. The Transfers constitute fraudulent transfers under 11 U.S.C. §§ 544 and 548 and, therefore, are avoidable by the Trustee.

## FIFTH CLAIM FOR RELIEF

### (Against Defendant To Avoid And Recover Fraudulent Transfers)

### (Avoidance And Recovery Of Fraudulent Transfers Pursuant To

### 11 U.S.C. §§ 548(a)(1)(B) and 550(a))

34. The Trustee incorporates herein by this reference paragraphs 1 through 33, inclusive, of this Complaint as if set forth in full herein.

35. The Trustee is further informed and believes, and based thereon alleges that, no contractual relationship existed between the Debtor and Defendant which would have otherwise caused the Debtor to transfer the Transfers to Defendant.

36. The Trustee is informed and believes, and based thereon alleges that the Debtor received less than reasonably equivalent value in exchange for the Transfers.

37. The Trustee is informed and believes, and based thereon alleges that, by virtue of the Transfers, the Debtor was insolvent or became insolvent as a result of each such Transfers.

38. The Trustee is informed and believes, and based thereon alleges that, by virtue of the Transfers, the Debtor was engaged in or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

39. The Trustee is informed and believes, and based thereon alleges that, by virtue of the Transfers, the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

40. Trustee is informed and believes, and based thereon alleges that Debtor's management engaged in mismanagement which caused the Debtor to cease operations. The Trustee is informed and believes, and based thereon alleges that, the Debtor's management transferred Debtor funds to other affiliated or related entities, including Defendant for personal benefits and for their own personal use such that the Debtor received no benefit from such use and ultimately did not receive reasonably equivalent value in exchange for the Transfers.

8

41. The Transfers constitute fraudulent transfers under 11 U.S.C. §§ 544 and 548 and, therefore, are avoidable by the Trustee.

### SIXTH CLAIM FOR RELIEF

### (Avoid Preferential Transfers - 11 U.S.C. § 547(b) and 550(a))

42. The Trustee incorporates herein by reference the foregoing paragraphs 1 through 8, of this Complaint as if set forth in full herein.

43. The Trustee is informed and believes, and based thereon alleges that certain of the Transfers[1], specifically the One Year Transfers, were of a property interest of the Debtor because the One Year Transfers were made from the Debtor's bank account at Citibank as set forth in **Exhibit "A."**

44. The Trustee is informed and believes, and based thereon alleges that the One Year Transfers were made to Defendant for the benefit of the Defendant, who was a creditor of the Debtor at the time of the One Year Transfers.

45. The Trustee is informed and believes, and based thereon alleges that the One Year Transfers were made for or on account of an antecedent debt owed by the Debtor to Defendant before the One Year Transfers were made.

46. The Trustee is informed and believes, and based thereon alleges that the One Year Transfers were made while the Debtor was insolvent.

47. The Trustee is informed and believes, and based thereon alleges that $39,982.45 of the One Year Transfers were made during the one year period prior to the Petition Date. See attached **Exhibit "A"** for details of the One Year Transfers including dates and amounts.

48. The Trustee is informed and believes, and based thereon alleges that the One Year Transfers enabled Defendant to receive more than he would have received if:

    (a) the case were a case under chapter 7 of Title 11;

---

[1] Trustee is informed and believes, and based thereon alleges that there may be other preferential transfers to Defendant from the Debtor and will amend this complaint to include such additional transfers at such time as they are ascertained.

9

(b)   the One Year Transfers had not been made; and

(c)   Defendant received payment of the debt to the extent provided under Title 11 of the United States Code.

49. Accordingly, the One Year Transfers may be avoided pursuant to 11 U.S.C. § 547(b).

50. The Trustee is entitled to an order and judgment under 11 U.S.C. § 547 that the One Year Transfers are avoided and recovered for the benefit of the Debtor's creditors.

## SEVENTH CLAIM FOR RELIEF

### (Against Defendant To Recover Transfers)

### (Recovery Of Transfers Pursuant To 11 U.S.C. § 550)

51. The Trustee incorporates herein by this reference paragraphs 1 through 50, inclusive, of this Complaint as if set forth in full herein.

52. The Trustee is informed and believes, and based thereon alleges that, to the extent Defendant is not the initial transferee of the Transfers referred to in this Complaint, the Defendant is the immediate or mediate transferee of the initial transferee of such Transfers.

53. Upon avoidance of the Transfers under the Claims for Relief alleged herein, the Trustee is entitled to recover these Transfers from Defendant as an initial transferee, the immediate or mediate transferee of such initial transferee, or an entity for whose benefit these Transfers were made pursuant to 11 U.S.C. § 550.

## PRAYER FOR RELIEF

**WHEREFORE,** the Trustee prays for judgment as follows:

On the First Claim for Relief:

A.   For a determination by the Court that the Transfers were fraudulent transfers within the meaning of 11 U.S.C. §§ 544 and 550, and California Civil Code §§ 3439 et seq.;

B.    For a judgment against Defendant avoiding the Transfers and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

C.    For such other and further relief as the Court deems just and proper.

On the Second Claim for Relief:

D.    For a determination by the Court that the Transfers were fraudulent transfers within the meaning of 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq.;

E.    For a judgment against Defendants avoiding the Transfers and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

F.    For such other and further relief as the Court deems just and proper.

On the Third Claim for Relief:

G.    For a determination by the Court that the Transfers were fraudulent transfers within the meaning of 11 U.S.C. §§ 544 and California Civil Code §§ 3439 et seq.;

H.    For a judgment against Defendant avoiding the Transfers and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

I.    For such other and further relief as the Court deems just and proper.

On the Fourth Claim for Relief:

J.    For a determination by the Court that the Transfers were fraudulent transfers within the meaning of 11 U.S.C. §§ 548(a)(1)(A) and 550;

K.    For a judgment against Defendant avoiding the Transfers and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

L.    For such other and further relief as the Court deems just and proper.

///

<u>On the Fifth Claim for Relief:</u>

M. For a determination by the Court that the Transfers were fraudulent transfers within the meaning of 11 U.S.C. §§ 548(a)(1)(B) and 550;

N. For a judgment against Defendant avoiding the Transfers and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

O. For such other and further relief as the Court deems just and proper.

<u>On the Sixth Claim for Relief:</u>

P. For a determination by the Court that the One Year Transfers were preferential transfers within the meaning of 11 U.S.C. §§ 547 and 550;

Q. For a judgment against Defendant avoiding the One Year Transfers and recovering the transferred property or the value of such property for the benefit of the Debtor's bankruptcy estate; and

R. For such other and further relief as the Court deems just and proper.

<u>On the Seventh Claim for Relief:</u>

S. For a judgment against Defendant recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

T. For such other and further relief as the Court deems just and proper.

///
///
///
///
///
///
///
///

<u>As to All Claims for Relief:</u>

U. For costs of suit incurred herein, including, without limitation, attorneys' fees.

V. For such other and further relief, which this Court deems just and appropriate.

DATED: May 1, 2014

LEVENE, NEALE, BENDER,
YOO & BRILL L.L.P.

By: /s/ Anthony A. Friedman
ANTHONY A. FRIEDMAN
LINDSEY L. SMITH
Attorneys for Plaintiff, Alfred H. Siegel,
Chapter 7 Trustee for the Bankruptcy Estate
of Genius Products, LLC

EXHIBIT "A"

**GENIUS PRODUCTS LLC**
**Petition Date: December 27, 2011**
**Analysis of Disbursements to Insiders for One Year Prior to Petition Date**
**Source: Debtor Bank Statements and Enclosures**

| Bank Account Number | Date | Check / Ref Number | Payee | Amount |
|---|---|---|---|---|
| 202304853 | 01/06/11 | 44905 | Bannon Strategic Partners | 20,833.33 |
| 202304853 | 05/09/11 | 44953 | Bannon Strategic Partners | 9,574.56 |
| 202304853 | 05/16/11 | 44955 | Bannon Strategic Partners | 9,574.56 |
| | | | **Bannon Strategic Partners Total** | **39,982.45** |

EXHIBIT "B"



**GENIUS PRODUCTS LLC**
**Petition Date: December 27, 2011**
**Analysis of Disbursements for Four Years Prior to Petition Date**
**Source: Debtor Bank Statements and Enclosures**

| Bank Account Number | Date | Check / Ref Number | Payee | Amount |
|---|---|---|---|---|
| 202304853 | 03/06/08 | 33587 | Bannon Strategic Partners | 17,968.26 |
| 202304853 | 03/21/08 | 33848 | Bannon Strategic Partners | 20,833.33 |
| 202304853 | 04/04/08 | 34050 | Bannon Strategic Partners | 21,458.48 |
| 202304853 | 04/25/08 | 34279 | Bannon Strategic Partners | 40,481.49 |
| 202304853 | 06/19/08 | 35217 | Bannon Strategic Partners | 64,575.22 |
| 202304853 | 07/03/08 | 35406 | Bannon Strategic Partners | 14,010.22 |
| 202304853 | 08/06/08 | 35863 | Bannon Strategic Partners | 51,593.84 |
| 202304853 | 08/29/08 | 36218 | Bannon Strategic Partners | 20,833.33 |
| 202304853 | 09/05/08 | 36264 | Bannon Strategic Partners | 16,433.25 |
| 202304853 | 10/17/08 | 40003 | Bannon Strategic Partners | 41,009.21 |
| 202304853 | 11/03/08 | 40300 | Bannon Strategic Partners | 20,833.33 |
| 202304853 | 11/07/08 | 40379 | Bannon Strategic Partners | 9,871.49 |
| 202304853 | 12/05/08 | 40713 | Bannon Strategic Partners | 36,925.86 |
| 202304853 | 12/12/08 | 40883 | Bannon Strategic Partners | 20,833.33 |
| 202304853 | 02/13/09 | 41380 | Bannon Strategic Partners | 25,515.36 |
| 202304853 | 02/23/09 | 41560 | Bannon Strategic Partners | 50,561.86 |
| 202304853 | 05/12/09 | 42356 | Bannon Strategic Partners | 45,795.06 |
| 202304853 | 05/13/09 | 42358 | Bannon Strategic Partners | 9,355.96 |
| 202304853 | 06/15/09 | 42648 | Bannon Strategic Partners | 41,666.66 |
| 202304853 | 07/07/09 | 42752 | Bannon Strategic Partners | 62,499.99 |
| 202304853 | 10/02/09 | 43513 | Bannon Strategic Partners | 20,833.33 |
| 202304853 | 10/05/09 | 43571 | Bannon Strategic Partners | 41,666.66 |
| 202304853 | 12/14/09 | 43939 | Bannon Strategic Partners | 41,666.66 |
| 202304853 | 04/22/10 | 44455 | Bannon Strategic Partners | 41,666.66 |
| 202304853 | 04/23/10 | 44463 | Bannon Strategic Partners | 20,833.33 |
| 202304853 | 06/04/10 | 44581 | Bannon Strategic Partners | 62,492.08 |
| 202304853 | 07/02/10 | 44645 | Bannon Strategic Partners | 11,385.41 |
| 202304853 | 08/19/10 | 44741 | Bannon Strategic Partners | 20,833.33 |
| 202304853 | 01/06/11 | 44905 | Bannon Strategic Partners | 20,833.33 |
| 202304853 | 05/09/11 | 44953 | Bannon Strategic Partners | 9,574.56 |
| 202304853 | 05/16/11 | 44955 | Bannon Strategic Partners | 9,574.56 |
|  |  |  | **Bannon Strategic Partners Total** | **934,415.44** |

FORM B104 (8/07)                                                                                                  2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFF(S)**<br>ALFRED H. SIEGEL, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF GENIUS PRODUCTS, LLC | **DEFENDANT(S)**<br>BANNON STRATEGIC PARTNERS |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>ANTHONY A. FRIEDMAN (SBN 201955)<br>LINDSEY L. SMITH (SBN 265401)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, CA  90067<br>Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other –<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE ABRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
1. Avoid and Recover Fraudulent Transfers, 2. To Avoid and Recover Preferential Transfers; and 3. To Preserve Recovered Transfers for Benefit of Debtor's Estate.

## NATURE OF SUIT
(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| **FRBP 7001(1) – Recovery of Money/Property** | **FRBP 7001(6) – Dischargeability (continued)** |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property<br>☒ 12-Recovery of money/property - §547 preference<br>☒ 13-Recovery of money/property - §548 fraudulent transfer<br>☒ 14-Recovery of money/property – other : §§544(b), 550(a); §§ 3439.04(a)(1)(2), 3439.07, 3439.05, 3439.07. | ☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other |
| **FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - § | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next** | **Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand: $934,415.44 |
| Other Relief Sought : Pre- and post-judgment interest, attorneys' fees and costs | |

FORM B104 (8/07), page 2                                                                2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR **GENIUS PRODUCTS, LLC** || BANKRUPTCY CASE NO. **2:11-bk-62283-RN** ||
| DISTRICT IN WHICH CASE IS PENDING **CENTRAL** || DIVISIONAL OFFICE **LOS ANGELES DIVISION** | NAME OF JUDGE **THE HON. RICHARD M. NEITER** |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF || DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) */s/ Anthony A. Friedman* ||||
| DATE May 1, 2014 || PRINT NAME OF ATTORNEY (OR PLAINTIFF) ANTHONY A. FRIEDMAN ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self- explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties** and **Defendants.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys if known.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.