| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Lance N. Jurich (132695) Jeanne C. Wanlass (167215) LOEB & LOEB LLP 10100 Santa Monica Blvd., 22nd Floor Los Angeles, CA 90067 Tel: 310-282-2000 Fax: 310-282-2200 email: ljurich@loeb.com/jwanlass@loeb.com | |
| ☐ *Individual appearing without attorney* ☒ *Attorney for:* Movants | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re: GENIUS PRODUCTS, LLC | CASE NO.: 2:11-bk-62283-RN<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)** |
| Debtor(s). | DATE: November 4, 2014<br>TIME: 9:00 a.m.<br>COURTROOM: 1645 |

**Movant:** Trevor Drinkwater, Jared Drinkwater, John Mueller, Matthew Smith, Mitchell Budin and Michael Radiloff

1. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367      ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (if any)(Responding Parties) , their attorneys (if any), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay, as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1 .RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the hearing and appear at the hearing of this motion.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c. ☐ An application for order setting hearing on shortened notice and remains pending. After the court has ruled on that application, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 9/23/14 _____

LOEB & LOEB LLP _____
Printed name of law firm (if applicable)

Jeanne C. Wanlass _____
Printed name of individual Movant or attorney for Movant

/s/ Jeanne C. Wanlass _____
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO PERSONAL PROPERTY

1. Movants are parties to the Directors and Officers Insurance Policy as set forth in the attached Memorandum.

2. **The Property at Issue (Property):**

   a. ☐　　　Vehicle (*year, manufacturer, type, and model*):

   　　　*Vehicle Identification Number:*
   　　　*Location of vehicle (if known):*

   b. ☐　Equipment (*manufacturer, type, and characteristics*):

   　　　*Serial number(s):*

   　　　*Location (if known):*

   c. ☒　Other Personal Property *(type, identifying information, and location):*
   　　　Proceeds of Insurance Policy No. NY09DOL600638IV issued by Navigators Insurance Company

3. **Bankruptcy Case History:**

   a. ☐　A voluntary bankruptcy petition　☒ An involuntary bankruptcy petition
   　　　under chapter　☒ *7*　☒ 11 ☐ 12 ☐ 13 was filed on (*date*) <u>12/27/2011</u>　.

   b. ☐　An order to convert this case to chapter　☐ *7* ☐ 11 ☐ 12 ☐ 13 was entered on (*date*) _____.

   c. ☐　Plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☒　Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

   　　(1) ☐　Movant's interest in the Property is not adequately protected.

   　　　　(A) ☐　Movant's interest in the Property is not protected by an adequate equity cushion.

   　　　　(B) ☐　The fair market value of the Property is declining and payments are not being made to Movant
   　　　　　　sufficient to protect Movant's interest against that decline.

   　　　　(C) ☐　Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's
   　　　　　　obligation to insure the collateral under the terms of Movant's contract with Debtor.

   　　　　(D) ☐　Other (*see attached continuation page*).

   　　(2) ☐　The bankruptcy case was filed in bad faith.

   　　　　(A) ☐　Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case
   　　　　　　commencement documents.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*　　　　　　　　　　　Page 3　　　　　　　　　　**F 4001-1.RFS.PP.MOTION**

(B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

(C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

(D) ☐ Other bankruptcy cases were filed in which an interest in the Property was asserted.

(E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

(3) ☐ *(Chapter 12 or 13 cases only)* All payments on account of the Property are being made through the plan and plan payments have not been made to the chapter 12 or chapter 13 trustee for payments due ☐ postpetition preconfirmation ☐ postpetition postconfirmation.

(4) ☐ The lease has matured, been rejected or deemed rejected by operation of law.

(5) ☐ The Debtor filed a statement of intention that indicates the Debtor intends to surrender the Property.

(6) ☐ Movant regained possession of the Property on (*date*)_____ , which is ☐ prepetition ☐ postpetition.

(7) ☒ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

5. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew that the bankruptcy petition had been filed and Movant would have been entitled to relief from stay to proceed with those actions,

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions,

c. ☐ Other (*specify*):

6. ☒ **Evidence in Support of Motion: (*Declaration(s) must be signed under penalty of perjury and attached to this motion*)**

a. The PERSONAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by the Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in the Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit(s) _____.

d. ☐ Other:

7. **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**Movant requests the following relief:**

1. Relief from the stay is granted under:   ☒ 11 U.S.C. § 362(d)(1)   ☐ 11 U.S.C. § 362(d)(2)

2. ☐ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to repossess and sell the Property.

3. ☒ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☐ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

8. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

9. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further stay shall arise in that case as to the Property.

10. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be
    ☐ without further notice, or   ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ If relief from stay is not granted, the court orders adequate protection.

12. ☒ See continuation page for other relief requested

Date: 9/23/14

LOEB & LOEB LLP
Print name of law firm

Jeanne C. Wanlass
Print name of individual Movant or attorney for Movant

/s/ Jeanne C. Wanlass
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PERSONAL PROPERTY DECLARATION

I, (*name of declarant*) _____ , declare:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property (*specify*):

    a.  ☐  I am the Movant.

    b.  ☐  I am employed by Movant as (*title and capacity*):

    c.  ☐  Other (*specify*):
        _____.

2.  a.  ☐  I am one of the custodians of the books, records and files of Movant that pertain to loans, leases, or extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

    b.  ☐  Other (see attached):

3.  The Property is:

    a.  ☐  Vehicle (*year, manufacturer, type, model and year*):

        *Vehicle Identification Number*:
        *Location of vehicle (if known)*:

    b.  ☐  Equipment (*manufacturer, type, and characteristics*):

        *Serial number*(*s*):
        *Location* (*if known*):

    c.  ☐  Other personal property (*type, identifying information, and location*):

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. The nature of Debtor's interest in the Property is:

    a. ☐ Sole owner

    b. ☐ Co-owner (*specify*):

    c. ☐ Lessee

    d. ☐ Other (*specify*):

    e. ☐ Debtor ☐ did ☐ did not  list the Property in the schedules filed in this case.

5. ☐ The lease matured or was rejected on (*date*) _____:

    a. ☐ rejected

        (1) ☐ by operation of law.

        (2) ☐ by order of the court.

    b. ☐ matured.

6. Movant has a perfected security interest in the Property.

    a. ☐ A true and correct copy of the promissory note or other document that evidences the debt owed by the Debtor to Movant is attached as Exhibit _____.

    b. ☐ The Property is a motor vehicle, boat, or other personal property for which a certificate of title is provided for by state law. True and correct copies of the following items are attached to this motion:

        (1) ☐ Certificate of title ("pink slip") (Exhibit _____).

        (2) ☐ Vehicle or other lease agreement (Exhibit _____).

        (3) ☐ Security agreement (Exhibit _____).

        (4) ☐ Other evidence of a security interest (Exhibit _____).

    c. ☐ The Property is equipment, intangibles, or other personal property for which a certificate of title is not provided for by state law. True and correct copies of the following items are attached to this motion:

        (1) ☐ Security agreement (Exhibit _____).

        (2) ☐ UCC-1 financing statement (Exhibit _____).

        (3) ☐ UCC financing statement search results (Exhibit _____).

        (4) ☐ Recorded or filed leases (Exhibit _____).

        (5) ☐ Other evidence of perfection of a security interest (Exhibit _____).

    d. ☐ The Property is consumer goods. True and correct copies of the following items are attached to this motion:

        (1) ☐ Credit application (Exhibit _____).

        (2) ☐ Purchase agreement (Exhibit _____).

        (3) ☐ Account statement showing payments made and balance due (Exhibit _____).

        (4) ☐ Other evidence of perfection of a security interest (*if necessary under state law*) (Exhibit _____).

    e. ☐ Other liens against the Property are attached as Exhibit _____.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 7                    **F 4001-1.RFS.PP.MOTION**

7.  Status of Movant's debt:

  a.  The amount of the monthly payment: $ _____.

  b.  Number of payments that became due and were not tendered: ☐ prepetition ☐ postpetition.

  c.  Total amount in arrears: $ _____.

  d.  Last payment received on (*date*): _____.

  e.  Future payments due by the anticipated hearing date (*if applicable*): _____
      An additional payment of $ _____ will come due on (*date*) _____ , and on
      the _____ day of each month thereafter. If the payment is not received by the _____
      day of the month, a late charge of $_____ will be charged under the terms of the loan.

8.  ☐  Attached as Exhibit _____ is a true and correct copy of a POSTPETITION payment history that accurately
    reflects the dates and amounts of all payments made by the Debtor since the petition date.

9.  Amount of Movant's debt:

  a.  Principal:  ................................................................................$ _____
  b.  Accrued interest: ........................................................................$ _____
  c.  Costs (attorney's fees, late charges, other costs): ...................................$ _____
  d.  Advances (property taxes, insurance): ................................................$ _____
  e.  TOTAL CLAIM as of _____: ......................................................$ _____

10. ☐  (*Chapter 7 and 11 cases only*) Valuation: The fair market value of the Property is: $ _____.
    This valuation is based upon the following supporting evidence:

  a.  ☐  This is the value stated for property of this year, make, model, and general features in the reference guide
        most commonly used source for valuation data used by Movant in the ordinary course of its business for
        determining the value of this type of property. True and correct copies of the relevant excerpts of the most
        recent edition of the reference guide are attached as Exhibit _____.

  b.  ☐  This is the value determined by an appraisal or other expert evaluation. True and correct copies of the
        expert's report and/or declaration are attached as Exhibit _____.

  c.  ☐  The Debtor's admissions in the Debtor's schedules filed in the case. True and correct copies of the relevant
        portions of the Debtor's schedules are attached as Exhibit _____.

  d.  ☐  Other basis for valuation (*specify*):

---

**NOTE:**   If valuation is contested, supplemental declarations providing additional foundation for the
            opinions of value should be submitted.

---

11. Calculation of equity in Property:

  a.  ☐  **11 U.S.C. § 362(d)(1) - Equity Cushion:**

        I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s)
        senior to Movant's debt is $_____ and is _____% of the fair market value of the
        Property.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                              Page 8                              **F 4001-1.RFS.PP.MOTION**

b. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity**:

By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 10 above, I calculate that the Debtor's equity in the Property is $ _____.

12. ☐ The fair market value of the Property is declining because:




13. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

14. ☐ Movant regained possession of the Property on (*date*)_____, which is: ☐ prepetition ☐ postpetition.

15. ☐ (*Chapter 12 or 13 cases only*) Status of Movant's debt and other bankruptcy case information:

a. The 341(a) meeting of creditors is currently scheduled for (or concluded on) (*date*) _____
A plan confirmation hearing is currently scheduled for (or concluded on) (*date*)_____
The plan was confirmed on (*if applicable*) (*date*) _____

b. Postpetition <u>preconfirmation</u> payments due BUT REMAINING UNPAID after the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. <u>Postconfirmation</u> payments due BUT REMAINING UNPAID after the plan confirmation date *(if applicable)*:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:                              $
(*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:                                                                            $
(*For details of type and amount, see Exhibit _____*)

f. Less suspense account or partial paid balance:                              $ [                    ]

                    TOTAL POSTPETITION DELINQUENCY:                $

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

g. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. The plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan *(attach LBR form F 4001-1.DEC.AGENT.TRUSTEE).*

16. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with Debtor.

17. ☐ The bankruptcy case was filed in bad faith:

a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

d. ☐ Other *(specify)*:


18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b. ☐ Multiple bankruptcy cases affecting the Property:

(1) Case name: _____
Chapter: _____   Case number: _____
Date filed: _____   Date discharged: _____   Date dismissed: _____
Relief from stay regarding the Property ☐ was   ☐ was not granted.

(2) Case name: _____
Chapter: _____   Case number: _____
Date filed: _____   Date discharged: _____   Date dismissed: _____
Relief from stay regarding the Property ☐ was   ☐ was not granted.

(3) Case name: _____
Chapter: _____   Case number: _____
Date filed: _____   Date discharged: _____   Date dismissed: _____
Relief from stay regarding the Property ☐ was   ☐ was not granted.

☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 10                                    **F 4001-1.RFS.PP.MOTION**

b.   ☐   Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed
with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c.   ☐   For other facts justifying annulment, see attached continuation page.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct

_____        _____        _____
*Date*                          *Printed Name*                                          *Signature*

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                Page 11                                          **F 4001-1.RFS.PP.MOTION**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONTINUATION PAGE FOR MOTION FOR RELIEF FROM STAY

**In re Genius Products, LLC**

**Case No. 2:11-bk-62283-RN**

Page 4, Item 7:

Relief should be granted under section 362(d)(1) for cause, as Movants would be greatly prejudiced by maintaining the stay and the Debtor and its estate would suffer no prejudice if the proceeds of the Policy are used to defend Movants.

Page 5, Item 12:

Alternatively, Movants respectfully request that the Court enter an order:  (a) affirming the adequacy of the notice given;  (b)  granting the Motion;  (c)  determining that the proceeds of the Policy are not property of the estate;  (d)  making the order binding and effective despite any conversion of the bankruptcy case to a case under any other chapter of Title 11 of the United States Code;  and (e)  for such other and further relief as is just and proper.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2383343.1

666666-66666

CONTINUATION PAGE FOR MOTION FOR RELIEF FROM STAY

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

## FOR RELIEF FROM STAY

### In re Genius Products, LLC

### Case No. 2:11-bk-62283-RN

This Memorandum of Points and Authorities is submitted by movants Trevor Drinkwater, Jared Drinkwater, John Mueller, Matthew Smith, Mitchell Budin and Michael Radiloff ("Movants") in support of their Motion for Relief from Stay (the "Motion") to use the proceeds of the Directors and Officers Liability Insurance Policy, No. NY09DOL600638IV (the "Policy") issued by Navigators Insurance Company ("Navigators"), to defend themselves in the adversary proceedings brought by Alfred H. Siegel in his capacity as the Chapter 7 Trustee (the "Trustee") for the estate of Genius Products, LLC (the "Debtor"). Relief should be granted under section 362(d)(1) for cause, as Movants would be greatly prejudiced by maintaining the stay and the Trustee and the Debtor's estate would suffer no prejudice if the proceeds of the Policy are used to defend Movants. Alternatively, the Court should determine that the automatic stay does not bar use of the proceeds of the Policy as they are not property of the estate.

## I.    INTRODUCTION

On December 27, 2011, an involuntary Chapter 7 petition was filed against the Debtor. The Order for Relief was entered on May 4, 2012. The Trustee was appointed as the Chapter 7 Trustee for the Debtor's estate.

The Trustee has filed adversary proceedings against Movants seeking, among other things, the avoidance and recovery of fraudulent transfers, breach of fiduciary duty, and conversion. Pursuant to the Policy, insurance proceeds are available to pay the costs to defend Movants, as former officers and directors, from certain of the claims made by the Trustee in the Adversary Proceedings. Movants therefore move this Court for an order granting relief from the automatic stay pursuant to 11 U.S.C. Section 362(d)(1) to use the

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2381442.1
666666-66666

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR RELIEF FROM STAY

proceeds of the Policy to pay such defense costs, or, alternatively, for an order providing

that the proceeds of the Policy are not property of the Debtor's estate.

## II.    JURISDICTION AND VENUE

This Court has jurisdiction over the Motion under 28 U.S.C. Sections 157 and 1334.

This matter is a core proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A),

(G) and (O).  Venue of these proceedings and the Motion is proper in this District pursuant

to 28 U.S.C. Section 1408 and 1409.

## III.    STATEMENT OF FACTS

On or about July 26, 2006, Navigators issued the Policy.  The Policy is a claims-

made policy with defense costs included in the limit of liability.  The period of the Policy,

as extended, lasts through November 21, 2014, and is limited to acts made on or before

November 21, 2011.  The liability limit of the Policy is $5,000,000.  See, Endorsement 38

to the Policy.

Pursuant the Policy, there are three types of Insurance Agreements.  Insurance

Agreement A provides that:

> The Insurer shall pay on behalf of the **Insured Persons** all **Loss** which the **Insured Persons** shall be legally obligated to pay as a result of a **Claim** (including an **Employment Practices Claim** or a **Securities Claim**) first made against the **Insured Persons** during the **Policy Period** or the **Discovery Period** for a **Wrongful Act**, except for any **Loss** which the **Company** actually pays as indemnification.

Insurance Agreement B of the Policy provides that:

> The Insurer shall pay on behalf of the **Company** all **Loss** which the **Insured Persons** shall be legally obligated to pay as a result of a **Claim** (including an **Employment Practices Claim** or a **Securities Claim**) first made against the **Insured Persons** during the **Policy Period** or the **Discovery Period** for a **Wrongful Act**, but only to the extent the **Company** is required or permitted by law to indemnify the **Insured Persons**.

Insurance Agreement C of the Policy provides that:

> The Insurer shall pay on behalf of the **Insured Entity** all **Loss** which the **Insured Entity** shall be legally obligated to pay as a result of a **Securities Claim** first made against the **Insured Entity** during the **Policy Period** or the **Discovery Period** for a **Wrongful Act**.

LA2381442.1
666666-66666

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR RELIEF FROM STAY

1    As former Officers and/or Directors, Movants are Insured Persons under Insurance

2    Agreement A.  Their defense costs, defined in part as "reasonable and necessary legal fees,

3    costs and expenses incurred in the investigation, defense or appeal of any **Claim**", are

4    covered under the Policy.

5    On December 27, 2011, an involuntary Chapter 7 petition was filed against the

6    Debtor.  The Order for Relief was entered on May 4, 2012.  The Trustee was appointed as

7    the Chapter 7 Trustee for the Debtor's estate.

8    On or before May 4, 2014, the Trustee filed adversary proceedings against Movants

9    seeking, among other things, the avoidance and recovery of fraudulent transfers, breach of

10   fiduciary duty, and conversion.  Due to the bankruptcy filing, Movants cannot obtain

11   indemnification from the Debtor and may seek coverage for their defense costs directly

12   from Navigators.  Therefore, Movants submitted notice of the adversary proceedings to

13   Navigators for coverage, as contemplated by the Policy.  Pursuant to the Policy and under a

14   reservation of its rights, Navigators has agreed to provide coverage for Movants' costs of

15   defense, including their reasonable and necessary legal fees, costs and expenses incurred in

16   the investigation, defense or appeal of the claims against Movants.  Navigators has also

17   requested that Movants seek relief from the automatic stay to authorize payment by

18   Navigators of Movants' defense costs.  This Motion followed.

19   **IV.    RELIEF FROM THE AUTOMATIC STAY SHOULD BE GRANTED**

20   As set forth above, Movants request that this Court grant relief from the automatic

21   stay to use the proceeds of the Policy to pay Movants' defense costs.

22   **A.    Legal Standard for Relief from the Automatic Stay**

23   Section 362(d) of the Bankruptcy Code sets forth the circumstances under which

24   this Court may terminate, annul, modify or condition the automatic stay imposed upon the

25   filing of a petition for relief.  Movants are entitled to relief from the automatic stay under

26   11 U.S.C. Section 362(d)(1), which provides:

27   On request of a party in interest and after notice and a
     hearing, the court shall grant relief from the stay provided

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2381442.1
666666-66666

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR RELIEF FROM STAY

under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –

(1)    for cause. . . .

**B.    Relief from the Stay Is Proper for Cause under Section 362(d)(1) To Allow Movants To Use Policy Proceeds To Pay Defense Costs.**

The first basis for obtaining relief from the stay is for "cause. *See, In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984); *In re Duvar Apt. Inc.*, 205 B.R. 196, 200 (9th Cir. BAP 1996). The Court has broad discretion to determine whether "cause" exists to life the stay. *In re Santa Clara County Fair Ass'n, Inc.*, 180 B.R. 564, 566 (9th Cir. BAP 1995). "Cause" is not statutorily defined, but is determined on a case-by-case basis. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990); *In re Conejo Enters., Inc.*, 96 F.3d 346, 351 (9th Cir. 1996) ("The decision to grant or deny relief from the automatic stay is committed to the sound discretion of the bankruptcy court…").

A party opposing relief from the automatic stay has the ultimate burden of proof on all issues except the existence of equity. *See* 11 U.S.C. Section 362(g); *see also*, *In re Sun Valley Ranches, Inc.*, 823 F.2d 1373, 1376 (9th Cir. 1987). Once the moving party establishes that a prima facie case that "cause" exists for stay relief, "the burden shifts to the debtor to show that relief from the stay is unwarranted." *See, In re Plumberex Specialty Prods., Inc.*, 311 B.R. 551, 557 (Bankr.C.D. Cal. 2004). Thus, any opposing party must ultimately prove that "cause" does not exist.

Courts routinely grant relief from the automatic stay to permit the advancement of defense costs to a debtor's directors and officers, even when the insurance policies at issue also provide direct coverage to the debtor. *See, e.g., Hoku Corp,* 2014 Bankr. LEXIS 1167, *15 (Bankr. D. Idaho March 25, 2014), *In re Allied Digital Techs. Corp.,* 306 B.R. 505, 513 (Bankr. D. Del. 2004) ("[i]t is not uncommon for courts to grant relief to allow for payment of defense costs to directors and officers, especially when there is no evidence that direct coverage will be necessary"); *In re Downey Fin. Corp.,* 428 B.R. 595 (Bankr.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2381442.1
666666-66666

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR RELIEF FROM STAY

1   D. Del. 2010) (granting relief from stay to permit use of D & O policy proceeds for

2   payment of defense costs).

3       To determine whether cause exists to lift the automatic stay for the use of D & O

4   policy proceeds, "the bankruptcy court should balance the harm to the debtor if the stay is

5   modified with the harm to the directors and officers if they are prevented from executing

6   their rights to defense costs." *Hoku*, 2014 Bankr. LEXIS 1167 at *11, *citing In re MILA,*

7   *Inc.*, 423 B.R. 537, 542 (9th Cir. BAP 2010).  Even when the policies are determined by a

8   bankruptcy court to be property of the estate, "courts have nonetheless granted relief from

9   the stay to allow the insurer to advance defense costs payments when the harms weigh

10  more heavily against the directors or officers than the debtor." *MILA,* 423 B.R. at 54,

11  *citing In re CyberMedica, Inc.,* 280 B.R. 12, 18 (Bankr. D. Mass. 2002).  Where the policy

12  is a "wasting" policy, the court should factor "whether defense costs might exhaust the

13  coverage available to pay a future covered loss under the policy, or expose the bankruptcy

14  estate to indemnification claims", but "clear, immediate, and ongoing losses to the

15  directors and officers in incurring defense costs trumps only hypothetical or speculative

16  claims by the trustee." *Id*. at 544-545.

17      *First,* no harm to the Trustee and the Debtor's estate would result from granting

18  Movants relief from the stay.  To Movants' knowledge, there are and have been no other

19  claims against the Policy since the involuntary case was filed in December 2011.  The

20  Trustee should have no realistic expectation of any benefit from the coverage.

21      *Second,* Movants' immediate need for the payment of defense costs far outweighs

22  the Trustee's hypothetical and speculative need for coverage.  Movants will suffer a

23  very real and easily identifiable hardship if the stay is not lifted.  If Movants are denied

24  access to the Policy proceeds, they may be unable to have counsel of their choice, or

25  indeed any counsel, defend them in the adversary proceedings.  Conversely, to the

26  extent that Movants have an interest in the Proceeds, that interest does not rise to the

27  level of seriousness such that the Trustee would suffer prejudice from a lifting of the

28  stay.  The Policy provides coverage of up to $5,000,000.  See, Policy, Endorsement 38.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2381442.1
666666-66666

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR RELIEF FROM STAY

1   Accordingly, there is minimal risk that the Policy's coverage will be exhausted if

2   Movants are permitted to obtain their defense costs.

3        Under the circumstances, relief from the stay is warranted for cause.

4   **V.    ALTERNATIVELY, THE AUTOMATIC STAY DOES NOT APPLY AS THE**

5        **POLICY PROCEEDS ARE NOT PROPERTY OF THE ESTATE**

6        A bankruptcy estate is created by operation of law as soon as a petition is filed

7   commencing a case under the Bankruptcy Code.  Pursuant to §541(a) of the Bankruptcy

8   Code, the estate is limited to legal or equitable interests of the debtor in property as of the

9   commencement of the case.

10        In the Ninth Circuit, a debtor's insurance *policies* are property of the estate.  *In re*

11  *The Minoco Grp. Cos., Ltd.*, 799 F.2d 517, 519 (9th Cir. 1986).  It is still an unsettled

12  question in the Ninth Circuit, however, whether or not the *proceeds* of an insurance policy

13  are also property of the estate.  *Hoku Corp.,* 2014 Bankr. LEXIS at *11;  *MILA,* 423 B.R.

14  at 543;  *In re Pintlar Corp*, 124 F.3d 1310, 1314 (9th Cir. 1997).

15        Other courts have repeatedly held that when a "liability insurance policy provides

16  direct coverage to both the debtor *and* the directors and officers, the proceeds will be

17  property of the estate if depletion of the proceeds would have an adverse effect on the

18  estate to the extent the policy actually protects the estate's other assets from diminution."

19  *Downey,* 428 B.R. at 603 (citing *In re Allied Digital Techs. Corp.,* 306 B.R. 505, 512

20  (Bankr. D. Del. 2004)  (internal citation and quotation omitted) (emphasis in original).

21        Thus, "[w]here a liability insurance policy includes entity coverage, but there are no

22  covered . . . [c]laims outstanding, courts have generally held that the insurance proceeds

23  are *not* property of the estate."  *Downey,* 428 B.R. at 604 (emphasis added).  Similarly,

24  "when the liability policy provides the debtor with indemnification coverage but

25  indemnification either has not occurred, is hypothetical, or speculative, the proceeds are

26  not property of the bankruptcy estate."  *Id.* at 605 (quoting *Allied Digital,* 306 B.R. at 512).

27        Finally, although Debtor is also an insured party under the Policy, to Movants

28  knowledge there are not any pending securities claims (or indeed any other claims)

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2381442.1
666666-66666

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR RELIEF FROM STAY

1  against the Debtor that would trigger coverage for it.  *See, e.g., Downey,* 428 B.R. at 604-

2  605 (releasing insurance funds to individual insureds after direct securities claim against

3  debtor was dismissed despite the existence of stayed derivative action naming debtor a

4  nominal defendant); *Allied Digital,* 306 B.R. at 513 (holding that the policy proceeds

5  were not property of the estate because "[t]he Trustee has made no credible showing that

6  the direct coverage of [the debtor] under clause B(i) for securities claims has continuing

7  vitality"); *In re Medex Regional Laboratories, LLC,* 314 B.R. 716, 722-723 (E.D. Tenn.

8  2004) (holding that liability insurance proceeds were not property of the estate because

9  there were no covered claims outstanding, which meant that the debtor "no longer

10  enjoy[ed] any direct entity coverages under the policy").

11       Moreover, even if securities claims were to be filed against the Debtor in the

12  future, such claims would be subordinated to those of other secured and unsecured

13  creditors pursuant to 11 U.S.C. § 510(b).  Accordingly, there currently is no plausible

14  scenario in which Navigators' advancement of defense costs to Movants will deprive the

15  estate of Policy proceeds.

16       Under the circumstances, the proceeds of the Policy are not property of the estate.

17  **VI.**  **CONCLUSION**

18       Based on the arguments and authorities set forth above, Movants respectfully

19  request that the Court enter an order:  (a)  affirming the adequacy of the notice given;  (b)

20  granting the Motion;  (c)  terminating the automatic stay;  (d)  waiving the 14-day stay

21  imposed by Fed. R. Bankr. P. 4001(a)(3);  (e)  making the order binding and effective

22  despite any conversion of the bankruptcy case to a case under any other chapter of Title 11

23  of the United States Code;  and (f)  for such other and further relief as is just and proper.

24  Alternatively, Movants respectfully request that the Court enter an order:  (a)  affirming

25  the adequacy of the notice given;  (b)  granting the Motion;  (c)  determining that the

26  proceeds of the Policy are not property of the estate;  (d)  making the order binding and

27  effective despite any conversion of the bankruptcy case to a case under any other chapter

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2381442.1
666666-66666

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR RELIEF FROM STAY

1   of Title 11 of the United States Code;  and (e)  for such other and further relief as is just

2   and proper.

3

4   Dated:    September 23, 2014        LOEB & LOEB LLP

5                                     LANCE N. JURICH
                                    JEANNE C. WANLASS

6

7                            By: */s/ Jeanne C. Wanlass*
                                   Lance N. Jurich

8                                    Jeanne C. Wanlass
                                   Attorneys for Movants

9                                    Trevor Drinkwater, Jared Drinkwater, John
                                   Mueller, Matthew Smith, Mitchell Budin and

10                                    Michael Radiloff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA2381442.1
666666-66666

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR RELIEF FROM STAY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Blvd., Suite 2200, Los Angeles, CA  90067-4120

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 24, 2014     , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Ismael Bautista, Jr.    ibautista@foxrothschild.com, lholloman@foxrothschild.com; mmcneil@foxrothschild.com;
acraig@foxrothschild.com; jlozano@foxrothschild.com; cliu@foxrothschild.com; twang@foxrothschild.com;
afriedman@foxrothschild.com
Brett Bissett    bbissett@kasowitz.com
Timothy Bortz    ra-li-ucts-bankrupt@pa.gov
Alicia Clough    alicia.clough@kayescholer.com
Joseph Corrigan    Bankruptcy2@ironmountain.com
Anthony A Friedman    aaf@lnbyb.com
Lindsay M Holloman    lholloman@foxrothschild.com, cliu@foxrothschild.com
Lance N Jurich    ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com
Michael B Lubic    michael.lubic@klgates.com, jonathan.randolph@klgates.com
Moji Saniefar    msaniefar@yahoo.com
Alfred H Siegel (TR)    Al.siegel@asiegelandassoc.com, Lisa.irving@asiegelandassoc.com;
Margo.tzeng@asiegelandassoc.com; asiegel@ecf.epiqsystems.com
Lindsey L Smith    lls@lnbyb.com
Nicola G Suglia, Esq    nsuglia@fleischerlaw.com
Wayne R Terry    wterry@hemar-rousso.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) September 24, 2014   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Genius Products, LLC, 3301 Exposition Blvd., Suite 100, Santa Monica, CA  90404

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 24, 2014   , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Hon. Richard M. Neiter, USBC, 255 E. Temple Street, Suite 1652, Los Angeles, CA  90012 (via overnight delivery)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 24, 2014 | Kathryn M. Arnote | /s/  Kathryn M. Arnote |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 12                                    **F 4001-1.RFS.PP.MOTION**